MEEK *v.* CARPENTER.

SCHOOLS AND SCHOOL DISTRICTS—MEETING—RESCINDING ACTION—DISCONTINUING SCHOOL.

Voters of a school district who have determined, under Act No. 230, Pub. Acts 1913, to discontinue school in the district and send the school children in attendance to school in an adjoining district, at an annual or special meeting of the district, cannot rescind the action at a subsequent meeting and reopen the school for the ensuing period.

Appeal from Kent; Perkins, J. Submitted January 6, 1914. (Docket No. 172.) Decided January 30, 1914.

Bill by James Meek against Eugene E. Carpenter and another, director and treasurer of school district No. 5 of the townships of Plainwell and Algoma in the county of Kent, to restrain defendants from employing a teacher and continuing school. From a decree for defendants, complainant appeals. Reversed.

*Hatch, McAllister & Raymond,* for complainant.
*Louis T. Herman,* for defendants.

MOORE, J. The facts in this case are stipulated as follows:

"(1) That at the adjourned annual meeting of School District No. 5, fractional, of the townships of Plainfield and Algoma, in the county of Kent and State of Michigan, held on July 28, 1913, it was decided by the voters of said district by a vote taken pursuant to Act No. 83 of the Public Acts of 1909, to discontinue the school in said district for the ensuing year, and that the children resident in said district should be sent to the village school of the village of Rockford in said county, and that sufficient money should be voted by the school board of said district to pay the tuition and transportation necessary to enable said children to attend said Rockford school.

"(2) That thereafter, and on the 2d day of September, 1913, a legally called special meeting was held in said district at which time a vote was taken and carried by a majority vote at said special meeting that the action taken at the annual meeting of said district as aforesaid be rescinded, such special meeting having been called for that purpose.

"(3) That on the 3d day of September, 1913, the school board of said district held a legally called meeting at which it was voted to employ Louise Binder as teacher of said school for a term of three months, said contract providing that said Louise Binder was to continue to teach for the remainder of the school year, six months more, if her services were satisfactory. At said school board meeting a motion was made and carried to hire a teacher for three months with the privilege of nine if satisfaction was given.

"(4) That before said special meeting a number of the families in said district made arrangements to have their children attend the Rockford school, and said children are now in attendance upon said school, and it is the claim of these persons that they have a right to recover from said district the cost of tuition and transportation for their children at said Rockford school, it being claimed by them that the action of said special meeting was unauthorized and void.

"(5) On November 21, 1913, complainant herein, a taxpayer of said district having a large amount of property assessed for school taxes, filed a bill of com-

plaint herein setting forth the foregoing facts and the further fact that the contract with said teacher was about to expire, and that two of the officers of said school district were about to enter upon a further contract with said teacher for the remainder of said year, and further alleging that complainant and other taxpayers in said district are liable to be put to large expense in the matter of paying the necessary running expenses of said school, including the wages of said teacher, and will also be put to large additional expense for the payment of tuition and transportation of pupils to the said school in the village of Rockford, and prayed for the issuance of a temporary injunction restraining defendants, who are the director and treasurer of said school district, respectively, from entering into a contract on behalf of said school district with the teacher now employed, or with any other teacher, and that they be restrained from continuing said school during the remainder of the school year, and praying that said injunction be made permanent. That a temporary injunction was issued on the filing of said bill, and is now in force.

"(6) It is further stipulated and agreed that the above stipulation may be forthwith submitted to the circuit court for the county of Kent in chancery, for determination at the present term of the said circuit court without further proofs, both parties hereto hereby waiving all further pleadings in said cause, service of notice of hearing, filing of note of issue, and all other steps necessary to bring said cause to issue for hearing before said court.

"(7) It is further stipulated and agreed by and between the parties hereto, by their respective solicitors, that upon the foregoing facts the said circuit court, in chancery, shall proceed to determine the question of difference between the parties hereto, and shall render a decree herein according as the rights of the parties hereto may appear, and in the same manner as if proofs of the foregoing facts had been taken in open court."

The court, after a hearing, was of the opinion that the action taken at the special meeting was valid, and dismissed the bill of complaint. The case is brought here by appeal.

The solicitors are agreed that—

"The sole question in this case is, Had the voters of a school district at a special meeting the power 'to reopen the school' after having once voted at an annual meeting 'to close the school'?"

The authority possessed by the voters of a school district in that regard is found in subdivision 11 of section 20, Act No. 230 of the Public Acts of 1913, which reads:

"At the first and annual meeting only to determine the length of time a school shall be taught in their district during the ensuing year, which shall not be less than nine months in all districts having four hundred or more children of school age, and in all districts having over thirty children and less than four hundred children,. not less than eight months, and not less than five months in all other districts on the pain of forfeiture of their share of the primary school interest fund; but in case the people do not determine the length of the school year, then the district board shall determine same, and in case the board or the district fix the length of the school year, and later in the year it is found desirable to increase the length of said school year, such action may be taken at a properly called special school meeting, or the board may take such action on petition of a majority of the resident qualified voters: *Provided,* That each school district may at an annual or special meeting vote to discontinue school in the district for the ensuing year and determine that the children resident therein shall be sent to another school or schools, and when such action has been taken the school board shall have authority to use any funds, except library funds, in the hands of the treasurer to pay the tuition and transportation of all such children, and if necessary vote a tax for such purpose."

The only change made in this subdivision from the way it read in 1909 is the addition of the words "or special" in the proviso following the word "annual" and. preceding the word "meeting." Before this change was made the school district could discontinue

the school only at the annual meeting. The effect of the change was to permit its discontinuance at a special meeting as well, but it did not change the law, as is contended here, so as to permit the school district, when it had decided at either an annual or special meeting to discontinue the school for the ensuing year, to undo that action. If it is desirable, as counsel argue, that the school district shall possess that power, the argument should be addressed to the legislature instead of being read into the law by the court. If the legislature had intended to confer that power at a special meeting, it would have been easy for it to have added to the words "to discontinue" in the proviso the words "or reopen." Until this or similar legislation is enacted we think the school district is without the power. It follows from what we have said that the decree of the court below must be reversed, and one may be entered here in accordance with this opinion.

The question is a public one, and no costs will be allowed.

McALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ.. concurred.